**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

ROBERT BROWN,

                         Petitioner**,**

                                                                    **Hon. Hugh B. Scott**
                                                                    05CV0517

                    v.
                                                                    **Report**
                                                                    **&**
                                                                    **Recommendation**

MICHAEL RABIDEAU, Superintendent**,**

                         Respondent.



          Before the Court is Robert Brown's ("Brown") petition for habeas corpus relief pursuant

to 28 U.S.C. § 2254.  Brown challenges his state court conviction on the following grounds: (1)

That the verdict was against the weight of the evidence; (2) that he was denied the right to

confront witnesses; and (3) that he was denied effective assistance of counsel.


                                    **Background**

          On October 15, 2002, after a jury trial in Monroe County Court, the petitioner was

convicted of Burglary in the Third Degree, Criminal Mischief in the Fourth Degree, and Petit

Larceny.  The trial record reflects the following: on January 1, 2002, at approximately 4:00 a .m.,

                                        1

Brown allegedly broke into a building in order to gain access to West Main Music, wherein he stole a number of items. Among the items allegedly stolen were several walkman radios, three slim-line telephones, and several compact disc players. (R. 324). The store was located on West Main Street in a building which also included a beauty shop and three apartments on the second floor – one of which was rented by Brown. (R. 251-252, 259). Evidence at the scene included two sets of footprints visible in the fallen snow – one leading from the door to Brown's apartment to the place where investigators had determined was the point of forced entry for the burglary; the other set of footprints led back to the petitioner's apartment. (R. 273-274, 384-389). A brown pair of loafers which had a tread pattern similar to what was depicted in the footprints on the roof snow was discovered inside of Brown's apartment. (R. 384, 392-393). Additionally, property owner's had placed fresh tar outside Brown's back door approximately one week prior to the burglary. Police investigating the scene observed that there was a footprint in the tar similar to the one left in the snow matching the size and tread patter of petitioner's loafer. (R. 392, 394-396, 453). Finally, the owners of the building, Robert and Denise Rivers, testified that shortly after Brown was arrested on January 1, 2002, they determined that he could not stay in the apartment any longer. (R. 328). They went into his apartment that morning to pack up his belongings and while doing so discovered two of the slim-line telephones still in the boxes which were the same as those taken from the music store. (R. 329).

Upon conviction, Brown was sentenced to an indeterminate sentence of 3½ to 7 years imprisonment. (Docket No. 1, ¶ 3).

**Discussion**

In his habeas corpus petition, Petitioner raises three grounds for relief: (1) that the verdict was against the weight of the evidence; (2) that he was denied his right to confront witnesses; and (3) that he had ineffective assistance of counsel.

**Exhaustion**

In the interest of comity and in keeping with the requirements of 28 U.S.C. §2254(b), federal courts will not consider a constitutional challenge that has not first been "fairly presented" to the state courts.  See Ayala v. Speckard, 89 F.3d 91 (2d Cir. 1996) (citing Picard v. Connor, 404 U.S. 270, 275 (1971)); Daye v. Attorney General of New York, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).  A state prisoner seeking federal habeas corpus review must first exhaust his available state remedies with respect to each of the issues raised in the federal habeas petition.  Rose v. Lundy, 455 U.S. 509 (1982).  To meet this requirement, the petitioner must have raised the question in a state court and put the state appellate court on notice that a federal constitutional claim was at issue.  See Grady v. Le Fevre, 846 F.2d 862, 864 (2d Cir. 1988); Petrucelli v. Coombe, 735 F.2d 684, 688-89 (2d Cir.1984).  A state court is deemed to have been put on notice of the federal constitutional nature of a claim if the petitioner: (1) relied on pertinent federal cases employing constitutional analysis; (2) relied on state cases applying constitutional analysis to similar factual patterns; (3) asserted his claim "in terms so particular as to call to mind a specific right protected by the Constitution[;]" or (4) alleged patterns well within the mainstream of constitutional litigation.  Daye, 696 F.2d at 194.  The record reflects that the petitioner appealed his conviction to the Appellate Division raising

3

claims regarding the sufficiency of the evidence, his right to confront witnesses, and that the sentence was unduly harsh. (Brown's Fourth Department Brief, attached as Exhibit I to the Appendix of State Court Records ["the Appendix"]).   On December 30, 2004, the Fourth Department  unanimously affirmed  the petitioner's conviction.  (Appendix, Exhibit M). On or about January 26, 2005,  Brown sought leave in the New York State Court of Appeals.  He argued that the state trial court abused its discretion when it limited the direct and the cross-examination of the property owner during trial.  Petitioner further claimed that he was improperly denied the opportunity to call a third party witness.  (Appendix, Exhibit N).  On May 26, 2005,  the New York State Court of Appeals denied leave to appeal.  (Appendix, Exhibit P). Additionally, on or about April 8, 2004, petitioner filed a CPL 440.10 motion in state court where he asserted that: (1) he was denied effective assistance of state trial counsel; (2) he was denied a fair trail by Rosario/Brady violations; and (3) the trial court created reversible error by failing to suppress illegally seized evidence.  (Appendix, Exhibit E). On May 7, 2004, the CPL 440.10 petition was denied pursuant to CPL 440.10(3)(c).

It appears that the petitioner raised each of the three claims presented in the instant Petition at some point in his various state court proceedings.  The respondent asserts that Brown failed to raise the sufficiency of the evidence claim before the Court of Appeals.  The respondent also challenges whether the petitioner exhausted his confrontation claim.   Notwithstanding these exhaustion questions, a decision on the merits is appropriate under 28 U.S.C. § 2254(b)(2).  That statute  provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  See also Mobley v. Senkowski, 2003 WL 22952846,  (E.D.N.Y. Nov. 12, 2003) (stating

4

that under § 2254 a district court may now, in its discretion, deny on the merits a habeas petition

containing exhausted and unexhausted claims, referred to as a "mixed petition.")


**Standard of Review**

State Court findings of historical facts, and inferences drawn from those facts, are

entitled to a presumption of correctness.  Matusiak v. Kelley, 786 F.2d 536, 543 (2d Cir.) cert.

denied, 479 U.S. 805 (1986); see also 28 U.S.C. §2254(e)(1) (stating that "a determination of a

factual issue made by a State court shall be presumed to be correct."). As amended by the

Antiterrorism and Effective Death Penalty Act of 1996[1] ("AEDPA"), §2254(d) of Title 28

provides that a habeas corpus petition may not be granted with respect to any claim that was

adjudicated on the merits in state court unless the state court's adjudication of that claim:

> 1.  resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> 2.  resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

The petitioner shall have the burden of rebutting the presumption of correctness by clear

and convincing evidence.  The presumption of correctness attaches to findings both by state trial

courts and by state appellate courts.  Smith v. Sullivan, 1998 WL 156668 (W.D.N.Y.1998)

(Larimer, C.J.); Nevius v. Sumner, 852 F.2d 463, 469 (9th Cir.1988), cert denied, 490 U.S. 1059

(1989).

---

[1]

Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.

In enacting AEDPA, Congress intended to heighten the deference given to state court determinations of law and fact.  "AEDPA has clearly raised the bar for habeas petitioners, placing on them the burden to show by clear and convincing evidence that the state court decision was defective in some way."  Smith, 1998 WL 156669 at 3.  AEDPA "requires federal courts 'to give greater deference to the determinations made by state courts than they were required to do under the previous law.'" Ford v. Ahitow, 104 F.3d 926, 936 (7th Cir. 1997) (quoting Emerson v. Gramley, 91 F.3d 898, 900 (7th Cir.1996) cert. denied, 520 U.S. 1122 (1997)); see also Houchin v. Zavaros, 107 F.3d 1465, 1470 (10th Cir.1997) ("AEDPA increases the deference to be paid by the federal courts to the state court's factual findings and legal conclusion.")

**Verdict Against the Weight of the Evidence Claim**

The petitioner asserts that the verdict was against the weight of the evidence.  Citing to People v. Bleakley, 69 N.Y.2d 490, 495 (N.Y. 1987), the Appellate Division rejected that claim and the Court of Appeals affirmed that decision.  In Bleakley, the Court of Appeals articulated that, in analyzing whether a jury verdict is supported by sufficient evidence, the court must determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial (Citing Cohen v. Hallmark Cards, 45 N.Y.2d 493, 499 (N.Y. 1978)) and as a matter of law satisfy the proof and burden requirements for every element of the crime charged. The burden to establish that a verdict was rendered against the weight of the evidence is a steep one. The central inquiry for a court is "whether after viewing the evidence in the light most

favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). Where the record supports conflicting inferences, a court "must presume, even if it does not affirmatively appear in the record, that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Id. at 326. The weight of the evidence and the credibility of the witnesses are determinations for the fact-finder in the case and are not grounds for reversal. United States v. Vasquez, 267 F.3d 79, 91 (2d Cir. 2001); Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996). The issue, when there is an allegation that a conviction is against the weight of the evidence, is to determine if, "after viewing the evidence in the light most favorable to the prosecution[,] . . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319, see also Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 810 (2d Cir. 2000). It is the province of the jury, and the state appellate court on direct review of the record, to weigh and resolve conflicts in the evidence presented at trial, and these factual findings "are not to be redetermined by federal courts in a habeas corpus proceeding." Soto v. Lefever, 651 F.Supp. 588, 592 (S.D.N.Y. 1986) (citing Marshall v. Lonberger, 459 U.S. 422, 432-35 (1983)), aff'd, 812 F.2d 713 (2d Cir.), cert. denied, 482 U.S. 907 (1987); see also Panaro v. Kelly, 32 F. Supp.2d 105, 109 (W.D.N.Y. 1998) (stating that assessments of weight of the evidence or credibility of witnesses are for jury, and are not grounds for reversal on appeal or for habeas corpus relief).

In the instant case, the evidence presented at trial included footprints in the freshly fallen snow from the petitioner's apartment to the forced entry site and then back to his apartment. The footprint marks match the size and sole pattern of shoes found in the petitioner's apartment.

Also, testimony was introduced to the effect that two telephones matching the description of telephones taken from the music store were found inside the petitioner's apartment shortly after the burglary.  Drawing all inferences in favor of the prosecution, a jury could rationally find the elements of the crimes charged against Brown existed beyond a reasonable doubt.  Based on the above, the state court determination that the conviction was not against the weight of the evidence was not contrary to clearly established federal law or an unreasonable determination of the facts in light of the evidence presented.

**Right to Confront Witness Claim**

Brown claims that he was denied the right to confront a witnesses during the trial on two occasions; first, when the state court prevented cross-examination of Denise Rivers regarding her "motive to fabricate evidence in order to protect her son;" and second, that he was prevented from calling a "third party witness" to whom Mrs. Rivers had allegedly confided that she was suspicious that her son might have burglarized the store.

Initially, it is noted that the state appellate court denied the claim on appeal on the grounds that the petitioner failed to preserve the claim for review.  (Appendix, Exhibit M).  Federal habeas review is barred when a state court expressly relied on a procedural default as an independent and adequate state ground.  See Harris v. Reed, 489 U.S. 255 (1989); Wainwright v. Sykes, 433 U.S. 72 (1977).  "A federal court is generally precluded from reviewing any claim included within the habeas petition for which a 'state court rests its judgment on an adequate and independent state ground, including a state procedural bar.'" Bacchi v. Senkowski, 884 F. Supp. 724, 730 (E.D.N.Y.1995) (quoting Reid v. Senkowski, 961 F.2d 374, 377 (2d Cir. 1992) (per

curiam)).  A state procedural bar arises through a failure to make a timely appeal, or through a failure to preserve a claim of appeal through contemporaneous objection.  Reid, supra, 961 F.2d at 377.  Failure to comply with a state's contemporaneous objection rule bars subsequent federal habeas corpus review unless petitioner is able to demonstrate both cause for the procedural default and actual prejudice attributable thereto.  Wainwright, supra, 433 U.S. at 81-91 (1977); Washington v. LeFerve, 637 F. Supp. 1175, 1177 (E.D.N.Y.1986).  "In order to demonstrate cause for his procedural default, petitioner would have to show that 'some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'"  Washington, supra, 637 F. Supp. at 1177 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  These principals have been applied even where a defendant represents himself at trial.  Reed v. Farley, 512 U.S. 339 (1994); Wells v. LeFavre, 1996 WL 692003 (S.D.N.Y. 1996).  Here, the petitioner has failed to establish either cause or prejudice as required under this standard.  Thus, federal habeas relief is not available to the petitioner on this ground.

In any event, the restriction on cross-examination or the preclusion of the "third party" witness did not deny the petitioner a fair trial.  Brown sought to introduce the testimony of Ebony Terry, who Brown proffered would testify that Mrs. Rivers had voiced concerns to Terry that Rivers' son, Michael, had broken into the store in November of 2001. In a pretrial ruling, the trial judge noted that no time frame was presented as to the conversation between Terry and Mrs. Rivers and that the defense counsel had conceded that it did not involve the January 1, 2002 crime.  Further, the state court held that the proffered testimony would constitute hearsay and was not competent as to the charged crime.  Thus, the trial judge precluded the evidence, but allowed the defense to renew the request if a proper basis for the evidence could be asserted. (R.

8-9).  Consistent with this ruling, at trial the judge sustained an objection to a question put to

Mrs. Rivers on cross-examination as to whether Rivers' son stole from the store in the past.  (R.

361).  However, the state court did allow some cross-examination of Mrs. Rivers concerning her

son's access to the building.  (R. 360-363).  As to the bias of Mrs. Rivers, trial counsel was able

to establish that Rivers' son, Michael, had lived in the building in the past; that Mrs. Rivers had

evicted Michael from the building; that at the time of the January 1, 2002 burglary, Michael

lived with Mrs. Rivers sister, Nina, and that Nina had keys to the building. (R. 360-363).  The

state court sustained an objection when defense counsel asked whether Michael was evicted

because Mrs. Rivers "thought that he was stealing from" the store.  (R. 361).  Upon appeal, the

prosecution argued that the defense lacked a "good faith basis" to assert that Mrs. Rivers had

fabricated evidence or testimony to protect her son.  (Appendix, Exhibit K at page 15-17). It was

further argued that there were several possible grounds for sustaining the prosecution's

objections, including: relevancy, calling for speculation, confusion, or assuming fact not in

evidence.  (Appendix, Exhibit K at page 17).

The Supreme Court has held that the admission of testimony in a state trial is a state

evidentiary issue, see Crane v. Kentucky, 476 U.S. 683, 689-90 (1986), and that a state court's

evidentiary rulings do not present issues cognizable in federal habeas corpus proceeding unless

they infringe upon a specific constitutional right of petitioner or result in fundamental unfairness

in violation of due process. Id.  It is well-established that trial judges have "wide latitude insofar

as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination

based on concerns about, among other things, harassment, prejudice, confusion of the issues, the

witness' safety, or interrogation that is repetitive or only marginally relevant." Delaware v. Van

10

Arsdall, 475 U.S. 673, 679 (1986). The "Confrontation Clause guarantees an opportunity for

effective cross-examination, not cross-examination that is effective in whatever way, and to

whatever extent, the defense might wish." Id.  While the motivation of a witness to have bias is a

proper subject for cross-examination, "the Confrontation Clause does not deprive the trial judge

of all discretion to set limits on the cross-examination of a prosecution witness for potential

bias." Henry v. Speckard, 22 F.3d 1209, 1214-15 (2d Cir.1994).  The trial court's rulings

regarding the proffered testimony of Terry and the scope of cross-examination of Mrs. Rivers do

not constitute an abuse of the trial court's discretion on these issues.  The state court

determination did not result "in a decision that contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the

United States;" nor did it result "in a decision that was based on an unreasonable determination

of the facts in light of the evidence presented in the State Court proceeding."  28 U.S.C. §

2254(d).


**Ineffective Assistance of State Trial Counsel Claim**

        Finally, the petitioner asserts that his state trial counsel provided ineffective assistance.

Under Strickland v. Washington, 466 U.S. 668 (1984), in order to prove ineffective assistance of

counsel, Petitioner must show: (1) the attorney's performance fell below an objective standard of

reasonableness; and (2) the deficient representation prejudiced the defense.  Indeed, judicial

scrutiny of that claim is "highly deferential," and "a reviewing court  must indulge a strong

presumption that counsel's conduct falls within the wide range of reasonable professional

assistance; that is, the defendant must overcome the presumption that the challenged action

might be considered sound trial strategy." <u>Strickland</u> 466 U.S. at 688, 689.  The defendant must affirmatively show that counsel made an unreasonable error which prejudiced the defense: "the question is whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt." <u>Id.</u> at 695.

In the instant case, the petitioner's claim of ineffective assistance is based upon an alleged failure of his counsel "to investigate and submit exculpatory evidence: [a lab report that showed there was no tar on Mr. Brown's shoes as suggested by Officer Smith's observations." (Docket No. 1 at ¶ 22(C)).  As discussed above, the investigating officers had testified that they observed the imprint of a shoe in the newly laid tar outside of Brown's apartment door, and that this imprint matched both the imprints left in the snow and the sole of the shoes found in Brown's apartment.  It was suspected that dark marks on the shoes found in Brown's apartment were tar residue.  Testing revealed that the dark marks were *not* tar residue. Contrary to the petitioner's argument, defense counsel was able to establish this fact during the trial. The defense called Harvey VanHoven, who is employed by the Monroe County Public Safety Laboratory. VanHoven testified that after subjecting the shoes found in Brown's apartment to testing and examination, he did not find tar on the shoes. (R. 532- 535).  It dose not appear that the actual laboratory report was introduced into evidence, however, any such report would have been duplicative of VanHoven's testimony,  which was uncontested.

The record reflects that trial counsel was knowledgeable in the law and facts surrounding the case and zealously represented the petitioner. There is no evidence in the record from which it could be concluded that trial counsel's performance fell below the standard of reasonableness. Therefore, habeas corpus relief based upon a claim of ineffective assistance of trial counsel must

be denied.

### Conclusion

Based on the above, the petition for habeas corpus relief should be **DENIED**.

Pursuant to 28 U.S.C §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after the receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Fed R. Civ. P. 72(b), and W.D.N.Y. Local Rule72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATION CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on *de novo* review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have bee, but was not, presented to the Magistrate Judge in the first instance.  See Paterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1ˢᵗ Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72(a)(3),

"written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

_____ /s/ **Hugh B. Scott** _____
United States Magistrate Judge
Western District of New York

Buffalo, New York
March 10, 2008

14